GENTRY *v.* GRAND VIEW MINING & SMELTING Co.[*]

*(Circuit Court, E. D. Missouri.* September 27, 1882.)

PLEADING—COUNTER-CLAIM.

>   Where the petition charged the defendant with the conversion of certain personal property, *held* that an answer which intermingled a seeming defense with a counter-claim, not arising on contract, or out of the transaction set forth in the petition, and unconnected with the subject of the action, was demurrable.

Demurrer to Answer.

Suit for damages for the conversion by defendant of silver ore owned by plaintiff.

The defendant alleges in its answer that the plaintiff came into possession of the ore in question while superintenden tof the Grand View Mining Company, and that, as superintendent of said company, he retained possession thereof until the first of April, 1881; that while plaintiff was acting as superintendent of said company, between January, 1880, and the fifteenth day of July, 1880, he misapplied and converted to his own use $7,511.11 belonging to said company, and refused to pay over or account for the same to the

*Reported by B. F. Rex, Esq., of the St. Louis bar.

owner thereof; that on the first day of April, 1881, the Grand View Mining Company, for a good and valuable consideration, with the knowledge and consent of plaintiff, turned over and delivered possession of the ore described in the petition, and of its rights, title, and interest therein, to the defendant, and for good and valuable consideration, on the twenty-ninth day of August, 1881, sold, assigned, and transferred to the defendant the cause of action heretofore described against the plaintiff, and the plaintiff has refused to pay said $7,511.11 to the defendant since said assignment, although often requested so to do.

Plaintiff demurred to the second defense and counter-claim set up in defendant's answer, on the ground that "the said cause of action set up in said counter-claim does not arise out of the transactions set forth in plaintiff's petition as the foundation of plaintiff's claim, nor is it connected with the subject of the action, and plaintiff's action does not arise on contract."

*Overall & Judson,* for plaintiff.

*Dyer, Lee & Ellis,* for defendant.

TREAT, D. J.   The only difficulty arises from the fact that a seeming defense and a counter-claim are intermingled.   If the ore in question did not belong to the plaintiff in his own right, the defense would be complete; but instead of so averring, the pleading leaves it uncertain as to what it is designed to charge the plaintiff's relations thereto were.   The counter-claim does not show that it arises from the same transaction; but, on the contrary, that the defendant is an assignee of a cause of action involving, it may be, an accounting between the plaintiff and the assignee as to a long course of dealings.

The demurrer is sustained, with leave to defendant to file an additional answer and counter-claim, if they can be brought within the rules governing the same as here stated.